UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA OF QUALCOMM INCORPORATED<br><br>TOT POWER CONTROL, S.L.,<br>　　　　　　　　Plaintiff,<br>　v.<br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>　　　　　　　　Defendants. | Case No.: 3:24-cv-00627-H-VET<br><br>**ORDER ON MOTION TO COMPEL THIRD-PARTY SUBPOENA AND MOTIONS TO SEAL;**<br><br>**ORDER TRANSFERRING MOTION TO COMPEL;**<br><br>**Doc. Nos. 1, 2, 23** |

Before the Court is TOT Power Control, S.L.'s ("TOT") Motion to Compel Rule 30(b)(6) Testimony and Document Production from Third-Party Qualcomm, Inc. ("Qualcomm"). Doc. No. 1 ("Motion to Compel"). Accompanying TOT's Motion to Compel and related Reply are Motions to File Documents Under Seal (collectively "Motions to Seal"). *See* Doc. Nos. 2, 23.

For the reasons set forth below, the Court **ORDERS** the Clerk of the Court to transfer the Motion to Compel and associated briefing to the docket in *TOT Power Control, S.L. v. Samsung Electronics Co., Ltd. et al*, Case No. 21-cv-1305-MN, in the District of Delaware pursuant to Federal Rule of Civil Procedure 45(f). Based on a review of the

1

Motions to Seal and the record, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions to Seal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. TOT's Motion to Compel

The Motion to Compel arises from a patent infringement action between TOT and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") pending in the District of Delaware. Doc. No. 1 at 1. TOT alleges that Samsung infringed two of TOT's patents, U.S. Patent No. 7,532,865 and U.S. Patent No. 7,496,376. *Id.* at 2. TOT further alleges that Samsung employed the patented technologies, which provide certain functionality in wireless devices, through wireless baseband chips provided by Qualcomm. *Id.* In related cases against Apple, Inc. ("Apple") and LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "LG"), TOT makes similar allegations, namely that Apple and LG infringed TOT's two patents by using Qualcomm's wireless baseband chips. *See* Doc. No. 19 at 11. The related actions against Apple (No. 21-cv-1302-MN) and LG (No. 21-cv-1304-MN) are also pending in the District of Delaware. The patent infringement actions against Samsung, Apple, and LG are hereinafter collectively referred to as the "Underlying Litigation."

TOT represents that Qualcomm has sole possession of certain source code and technical documents required in the Underlying Litigation. Doc. No. 1 at 6. Pursuant to Federal Rule of Civil Procedure 45,[1] the District of Delaware issued subpoenas to Qualcomm to (i) produce 27 categories of documents and (ii) testify on 10 topics.[2] *See* Doc. No. 1-2, Decl. of Richard Lin ("Lin Decl.") at ¶¶ 2–3; Doc. No. 1-3 at Ex. A; Doc. No. 1-4 at Ex. B. TOT served Qualcomm with amended Rule 45 subpoenas on May 19,

---

[1] Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.

[2] Qualcomm served similar subpoenas on Apple and LG, which are the subject of separate motions to compel pending before this Court. *See* No. 24-cv-00622-H-VET; No. 24-cv-00625-H-VET.

2023 and March 1, 2024, respectively.[3] Lin Decl. at ¶¶ 2–3. In response, and as part of the Underlying Litigation, Qualcomm produced confidential source code and almost 50,0000 pages of confidential non-source code documents relating to the chips and technology at issue. Doc. No. 19 at 11. No deposition of Qualcomm occurred. Doc. No. 19 at 7.

Fact discovery in the Underlying Litigation closed on April 1, 2024. Doc. No. 1 at 3, 7. The next day, on April 2, 2024, TOT filed the present Motion to Compel.[4] Doc. No. 1. Therein, TOT asks that the Court compel Qualcomm to sit for a limited Rule 30(b)(6) deposition "to authenticate and establish the business record status" of certain documents and source code produced by Qualcomm. *Id*. at 4. Among the documents that TOT seeks to authenticate is an affidavit prepared by Qualcomm for a separate patent infringement case litigated in Spain against Xiaomi (the "Xiaomi Affidavit"). Doc. No. 22 at 8–10. To the extent Qualcomm has not already done so, TOT further requests that the Court compel Qualcomm to produce a document referenced in a March 29, 2024 document production. Doc. No. 1 at 9–10. Lastly, TOT requests that the Court transfer the Motion to Compel to the District of Delaware. Doc. No. 1 at 12.

On April 11, 2024, the Court ordered briefing on the Motion to Compel. Doc. No. 8. At the parties' request, the Court extended the briefing schedule twice. Doc. Nos. 10, 11, 13, 14. The first extension was to accommodate the parties' ongoing discovery discussions. Doc. No. 10. The second extension was to accommodate a discovery hearing on May 15, 2024 in the Underlying Litigation to consider, *inter alia*, whether Samsung,

---

[3] The parties provide conflicting service dates for the subpoenas. *Compare* Doc. No. 1 at 5–6 *with* Doc. No. 19 at 11–12. However, conflicts in the dates of service do not impact the Court's analysis.

[4] Although signed on April 1, 2024, the Motion to Compel was filed on April 2, 2024. *See* CivLR 5.4(b) ("Electronic transmission of a document to the Electronic Filing System in the manner prescribed by the Court's Administrative Policies and Procedures Manual, together with the transmission of an NEF from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure and the Local Rules of this court . . . .").

Apple, and LG could depose Qualcomm on subjects beyond those at issue here. Doc. No. 13-1 at 2.

On May 17, 2024, all three defendants participated in this broader deposition of Qualcomm. Doc. No. 22 at 4. At the May 17 deposition, TOT did not obtain the testimony it presently asks the Court to compel. *Id*. However, Qualcomm separately provided a declaration authenticating *all* its records, *except* it maintained that the Xiaomi Affidavit was authentic but not an admissible business record. Doc. No. 19 at 8.

Qualcomm opposes the Motion to Compel, including TOT's request to transfer. Doc. No. 19. Qualcomm argues that the Rule 30(b)(6) deposition, as requested in the Motion to Compel, is outside the scope of the Rule 45 subpoena. *Id.* It also maintains that it has no obligation to establish that the Xiaomi Affidavit is a business record. Importantly, Qualcomm produced the single document that is at issue in the Motion to Compel. Doc. No. 19 at 14–15.

### B.  TOT's Motions to Seal

In the Motion to Seal accompanying the Motion to Compel, TOT requests to file Exhibits A, B, and C under seal ("First Motion to Seal"). Doc. No. 2. In the Motion to Seal accompanying its Reply, TOT seeks to file sections of the Reply, including Exhibits 1 and 3 attached thereto, under seal ("Second Motion to Seal"). Doc. No. 23. TOT lodged with the Court unredacted copies of the subject documents and Reply (collectively the "Subject Information"). Doc. Nos. 3, 24. Qualcomm purportedly designated the Subject Information as confidential pursuant to a protective order and, for this reason, TOT moves to seal the Subject Information. Doc. Nos. 2, 23.

The Court held a hearing on December 9, 2024 to ascertain why the Subject Information is confidential and/or should be protected from disclosure. Doc. No. 32. Prior to the hearing, Qualcomm filed a detailed Joinder to the Motions to Seal, including a declaration from counsel, explaining why the Subject Information is confidential. Doc. No. 27. Although TOT is the moving party, at the time of hearing, TOT argued that the Subject

Information is not confidential or sensitive and therefore should not be sealed. In turn, Qualcomm argued that portions, but not all, of the Subject Information should be sealed.

## II.   LEGAL STANDARD

### A.   Transfer Under Rule 45

Rule 45(f) allows a court to transfer a subpoena-related motion to the subpoena-issuing court in "exceptional circumstances." Fed. R. Civ. P. 45(f) ("[W]hen the court where compliance is required did not issue the subpoena, it may transfer a motion [] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). Although Rule 45(f) does not define "exceptional circumstances," the 2013 Advisory Committee Notes provide that:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45, advisory committee notes on 2013 amendments; *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429–30 (N.D. Cal. 2014) (collecting cases and noting that attempting to circumvent the authority of the presiding judge in the underlying action is an exceptional circumstance contemplated by Rule 45). The party seeking transfer bears the burden of demonstrating that exceptional circumstances exist. Fed. R. Civ. P. 45, advisory committee notes on 2013 amendments. In determining whether to transfer under Rule 45(f), a court may consider the following factors related to the underlying litigation: complexity, procedural posture, duration of pendency, and nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation. *E4 Strategic Solutions, Inc. v. Pebble Ltd. P'ship*, SA MC 15-00022-DOC, 2015 U.S. Dist. LEXIS 191686, at *3 (C.D. Cal. Oct. 23, 2015).

### B. Sealing of Documents

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *Foltz*, 331 F.3d at 1135.

To overcome the presumption of access, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto Safety*, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass this threshold, the "good cause" standard applies. *Id.* Further, "[e]ven if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible." *Craig v. Am. Tuna, Inc.*, No. 22-cv-00473, 2023 U.S. Dist. LEXIS 211558, at *10 (S.D. Cal. Nov. 28, 2023).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana* 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Alternatively, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* In turn, the lower

"good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). In the context of sealed materials attached to a discovery motion unrelated to the merits of a case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1983) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").

### III. DISCUSSION

#### A. Motion to Compel

The Court finds that exceptional circumstances exist that warrant transferring the Motion to Compel to the District of Delaware.

First, there is substantial risk that any ruling on the Motion to Compel will disrupt the issuing court's management of the Underlying Litigation, comprised of not one, but three separate actions raising complex patent infringement claims. In fact, the underlying court expressed this exact concern at the discovery hearing on May 15, 2024. At that time, the Delaware District Court instructed TOT and Qualcomm to raise future discovery disputes in Delaware, and to do so by providing an outline of the specific discovery sought together with a timeline that "fits and won't derail the remainder of the case scheduling order" in the Underlying Litigation. Doc. No. 22-5 at 5. Critically, fact discovery in the Underlying Litigation closed prior to TOT filing the Motion to Compel, and there is no representation that any party sought to reopen discovery to accommodate the discovery sought in the Motion to Compel. With discovery closed, a ruling on the Motion to Compel risks disrupting the Delaware District Court's management of the Underlying Litigation moving forward. *See In re Alliance Healthcare Partners, LLC*, 2022 U.S. Dist. LEXIS 196660, at *12 (D. Ariz. Oct. 28, 2022) (concluding that "ruling on the motion to compel

could disrupt the issuing court's case management" where the deadline for fact discovery was less than a month away) (quoting *Mirza v. Yelp, Inc.*, 2021 U.S. Dist. LEXIS 130455, *7 (N.D. Cal. 2021)); *3B Med., Inc. v. Resmed Corp.*, 2016 U.S. Dist. LEXIS 163037, *10–11 (S.D. Cal. 2016) (the fact that discovery was set to close in less than a month supported transfer); *In re Subpoena to Kia Motors Am., Inc.*, 2014 U.S. Dist. LEXIS 72827, *2 (C.D. Cal. 2014) (concerns about the discovery deadline supported transfer to "the court with control over the discovery cut-off deadline").

Second, an order on the Motion to Compel may contravene the Delaware District Court's orders and/or instructions. The Underlying Litigation has been pending in Delaware for over three years. *See TOT Power Control, S.L. v. Samsung Electronics Co., Ltd. et al*, Case No. 21-cv-1305-MN, Doc. No. 1. And the docket reflects numerous discovery orders, conferences, and hearings that have occurred over the course of those three years. Thus, the Delaware District Court is not only more familiar with this case but also previously decided discovery motions and instructed the parties on how to bring future discovery disputes to its attention. Indeed, it is unclear to this Court whether the underlying court was aware of the instant discovery dispute when it provided those instructions. Doc. No. 22-5 at 5. Moreover, the underlying court has already dealt with issues pertaining to deposing Qualcomm when it permitted a broader deposition of Qualcomm on May 17, 2024. *See* Doc. No. 22 at 4. And it appears that disputes surrounding discovery from Qualcomm are likely to continue and, as such, should be addressed by the Delaware District Court to ensure consistency. *See, e.g., Id.* at 2–3 (identifying potential dispute regarding Qualcomm documents in the action against Apple, No. 21-cv-1302-MN).

Under these circumstances, a ruling on the Motion to Compel creates a substantial risk of not only contravening prior orders by the Delaware District Court, but also interfering with its management of the Underlying Litigation, particularly as discovery issues continue to arise vis-à-vis Qualcomm. The Court therefore finds that exceptional circumstances exist to transfer the Motion to Compel to the District of Delaware.

Lastly, the circumstances that warrant transfer outweigh Qualcomm's interests in obtaining local resolution. Transfer to the District of Delaware imposes some burden on Qualcomm, but it is not significant. First, Rule 45(f) permits Qualcomm's counsel in this action to appear in the District of Delaware for purposes of the Motion to Compel. *See* Fed. R. Civ. P. 45(f) ("[I]f the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court."). Second, the parties may request videoconferencing for any potential hearings or the deposition itself, mitigating the burdens on Qualcomm. Indeed, as reflected in the Advisory Committee Notes to Rule 45, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties." Fed. R. Civ. P. 45, advisory committee notes on 2013 amendments; *Moon Mountain Farms, LLC*, 301 F.R.D. at 430 (same). Moreover, TOT represents that Magistrate Judge Fallon, who typically resolves discovery disputes in the Underlying Litigation, frequently holds remote hearings. Doc. No. 22 at 8. The Court also notes that Qualcomm has *already* been litigating other discovery issues in the District of Delaware as part of the Underlying Litigation. *Id*. at 3–4. Accordingly, the Court finds that it is not meaningfully more burdensome for Qualcomm to litigate the Motion to Compel in Delaware as compared to litigating the issue locally.

### B.   Motions to Seal

As an initial matter, the Court finds that the Motion to Compel is a discovery motion that is only tangentially related to the merits. As such, the Court applies the "good cause" standard. *See Labbe' v. Dometic Corp.*, No. 2:20-cv-01975-DAD-DMC, 2023 U.S. Dist. LEXIS 179982, at *2 (E.D. Cal. Oct. 4, 2023) (compiling cases holding that the good cause standard applies to discovery motions); *see also, e.g., WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) ("[P]laintiffs' motion to compel discovery is only tangentially related to the merits and the good cause standard applies."); *Jasso v. Wells Fargo Bank, N.A.*, No. 2:20-cv-00858-CDS-BNW, 2023 U.S. Dist. LEXIS 104928,

at *3 (D. Nev. June 15, 2023) (applying "the good cause standard in evaluating whether to seal documents attached to" plaintiffs' motion to compel).

Given TOT's current position that none of the Subject Information should be sealed, the Court looks to Qualcomm to support the request to seal. Qualcomm requests sealing only the following information:

- In Exhibits A and B to the Motion to Compel: the right-hand column of Attachment B, titled "Software Build ID" (*see* Doc. No. 3 at 17–21, 30–34 and Doc. No. 3-1 at 7–11);
- In Exhibit B to the Motion to Compel: Topic No. 11 in the List of Deposition Topics (*see* Doc. No. 3-1 at 5);
- Exhibit C to the Motion to Compel (*see* Doc. No. 3-2 at 2–6);
- Page 5, lines 1-13 in Reply (*see* Doc. No. 24 at 5)
- Exhibit 1 to Reply (*see* Doc. No. 24-1 at 2–3); and
- Exhibit 3 to Reply (*see* Doc. No. 24-2 at 2–6).

Based on Qualcomm's Joinder and supporting declaration, and the arguments advanced at the time of hearing, the Court finds that good cause exists to seal the above-listed information. The information relates to Qualcomm's confidential and sensitive business information. Although TOT suggests the information is dated and therefore no longer sensitive, Qualcomm represents that it continues to maintain the information confidential in the ordinary course of its business. Moreover, despite TOT's assertions that the information is publicly available, TOT could not identify specific examples of this information being publicly disclosed.

Because no party advances any argument to seal anything beyond the above-listed information, no good cause exists to seal more than the above-listed information. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions to Seal.

## IV. CONCLUSION

Based on the foregoing, the following information shall be filed under seal:

- In Exhibits A and B to the Motion to Compel: the right-hand column of Attachment B, titled "Software Build ID" (*see* Doc. No. 3 at 17–21, 30–34 and Doc. No. 3-1 at 7–11);
- In Exhibit B to the Motion to Compel: Topic No. 11 in the List of Deposition Topics (*see* Doc. No. 3-1 at 5);
- Exhibit C to the Motion to Compel (*see* Doc. No. 3-2 at 2–6);
- Page 5, lines 1-13 in Reply (*see* Doc. No. 24 at 5)
- Exhibit 1 to Reply (*see* Doc. No. 24-1 at 2–3); and
- Exhibit 3 to Reply (*see* Doc. No. 24-2 at 2–6).

The Motions to Seal are accordingly **GRANTED IN PART** and **DENIED IN PART**. To ensure only the above-listed information is sealed, by no later than **January 9, 2025**, Defendant shall update and re-file Docket Nos. 3 and 24 in accordance with this Order. Defendant should use the event "sealed lodged proposed document" when refiling the documents.

Following the filing of the documents under seal, the Court **ORDERS** the Clerk of the Court to transfer the Motion to Compel and all associated briefing to the docket in *TOT Power Control, S.L. v. Samsung Electronics Co., Ltd. et al*, Case No. 21-cv-1305-MN, in the District of Delaware pursuant to Federal Rule of Civil Procedure 45(f). Following transfer, the Clerk shall close this case.

**IT IS SO ORDERED**.

Dated: January 7, 2025

Honorable Valerie E. Torres
United States Magistrate Judge